# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Grace G. Driggers, <br><br> Plaintiff, <br> v. <br><br> Costco Wholesale Corporation and <br> Cost Wholesale Membership, Inc., <br><br> Defendants. | Civil Action No. 2:20-cv-2306-RMG <br><br><br> **ORDER AND OPINION** |

This matter is before the Court on Plaintiff's motion to compel (Dkt. No. 29). For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

## Background

This action concerns injuries Plaintiff allegedly sustained while visiting a Costco store located in Charleston, South Carolina. Plaintiff alleges that while shopping she approached a Yeti brand cooler that was on display with the lid fully open. Plaintiff allegedly placed her hand on the cooler and, as "she inspected the interior, the lid of the cooler fell and crushed her hand." Plaintiff brings two causes of action: (1) negligence and (2) premises liability.

On January 14, 2021, Plaintiff served its discovery requests on Defendants. Plaintiff subsequently granted Defendants an extension until March 5, 2021 to respond to Plaintiff's discovery requests. On March 4, 2021, Defendants served discovery responses. After reviewing Defendants' responses and production, Plaintiff's counsel allegedly identified various deficiencies and conferred with Defendants regarding these deficiencies via email dated March 24, 2021. The parties continued discussions via email and on April 30, 2021, Plaintiff sent a second meet and confer letter to Defendants. On May 10, 2021, Defendant responded to this letter. The parties were unable to resolve their differences and, on May 13, 2021, Plaintiff filed a

1

motion to compel. (Dkt. No. 29). Defendants oppose the motion. (Dkt. No. 33).

Plaintiff's motion is fully briefed and ripe for disposition.

## Legal Standard

Pursuant to Fed. R. Civ. P. 37, a party seeking discovery may move for an order compelling an answer, designation, production, or inspection if, inter alia, the party to whom the discovery was directed failed to produce documents or to permit inspection, or respond that inspection will be permitted as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

## Analysis

First, Plaintiff argues that Defendants improperly limited the scope of its answers when responding to Interrogatories Nos. 17, 19, 22, and Request for Production No. 24. In response to each of these requests, Plaintiff argues that Defendants specifically cabined its responses to the Costco store in question—refusing to provide information relevant to other Costco locations involving similar incidents or the product in question.[1] In its opposition, Defendants admit as

---

[1] For example, Interrogatory No. 17 asks: "Has any accident occurred during the past 5 years of a similar nature to, or in circumstances similar to, or in the same locality as, the accident complained of in this action?" (Dkt. No. 29-1 at 12). Defendants respond that for the warehouse at issue, "there have been no reported similar instances," but otherwise objected to "the remainder of this request . . . [as being] over broad, unduly burdensome, not reasonably limited time and/or scope, not proportional to the needs and not reasonably calculated to lead to the discovery of admissible evidence to the extent this request seeks information on locations different than that at issue in the" complaint. (*Id.*). Interrogatory No. 19 asks that Defendants state "whether the Defendants have ever received recommended actions from the manufacturer of the Subject Product, any public official, agency or body, or any industry, group or association or the Consumer Product Safety Commission or other similar type organization with respect to the installation or design for installation of safety devices for the protection of operators of the Subject Product or similar coolers." (*Id.* at 13-14). Interrogatory No. 22 asks for the dates upon which "the Defendants received any complaints regarding the operation of the subject product," including the source of the complaint, the name and address of the person who made the complaint, the name and address of each person by whom each

much. (Dkt. No. 33 at 11) ("The thrust of the [above interrogatories] is to seek the requested information and/or materials regarding other incidents from *all* of Costco's locations across the entire world . . . ."). Defendants' most pertinent objection to these discovery requests is that they are "not reasonably calculated to lead to the discovery of admissible evidence regarding other display coolers in other Costco locations." (*Id.* at 13-14) (noting "Interrogatory 17 seeks the requested information for a time frame of the 'past five years' which is inclusive of a period of over three years after the subject incident. [And] Interrogatories 19 and 22 and Request for Production 24 have no limitation on time at all; and, accordingly, seek production of the requested materials from the date that Costco began until the present day"); (*Id.*) (further arguing that Plaintiff's requests are not proportional to the needs of this case as Plaintiff's alleged medical damages total, at most, $32,390.86).

The Court <u>grants</u> Plaintiff's motion on this point. While slightly broad with regard to their temporality, Plaintiff's discovery requests are reasonable in that they seek information directly relevant to this action—namely whether "Defendants had actual or constructive knowledge of a dangerous condition on its premises resulting in injuries similar to those of Plaintiff." (Dkt. No. 29 at 4). Defendants' objections are <u>overruled</u>. Defendants shall provide full responses to said requests as they relate to the five years preceding Plaintiff's accident.[2]

Second, Plaintiff argues that Defendants have failed to adequately respond to

---

complaint was received, and the substance of each complaint. (*Id.* at 16). Request for Production No. 24 asks Defendants to produce "copies of all customer complaints with respect to the type of product at issue in this lawsuit or substantially similar products, and concerning similar facts and circumstances." (*Id.* at 26-27).

[2] Nothing in the Court's order should be construed as restricting the parties' ability to negotiate, in good faith, other appropriate temporal or geographical limitations on said interrogatories or request for production.

3

Interrogatory No. 8.  This interrogatory asks Defendants to identify the "names, addresses, and telephone numbers of all on duty employees who were present on the Premises at the time of the incident described in the Complaint." (Dkt. No. 29-1 at 5).  In responding to this interrogatory, Defendants first refer to an answer to a prior interrogatory which concerned the names and addresses of witnesses to the accident.  Defendants then object that Interrogatory No. 8 is, *inter alia*, "unduly burdensome" and "not reasonably calculated to lead to the discovery of admissible evidence." (*Id.*).

  The Court <u>grants</u> Plaintiff's motion on the above point.  Plaintiff's request is reasonably calculated to lead to the discovery of admissible evidence and is not disproportionate in relation to this case. *See* (Dkt. No. 29 at 5) (arguing that "Plaintiff cannot conceivably determine which of the Defendants' on-duty employees may have witnessed Plaintiff's injuries, witnessed discussions concerning Plaintiff's injuries, observed video footage of Plaintiff's injuries or witnessed what became of the subject cooler following Plaintiff's injuries."); (*Id.*) (further noting that "Defendants [presumably] have employee shift schedules and timesheets relevant to events described in the Complaint" and that "Fed. R. Civ. P. 33(d) permits the production of responsive business records in lieu of an answer); (Dkt. No. 33-5 at 3) (noting that "[a]s to Defendants' response to Interrogatory #8, Plaintiff concedes that information related to employees that worked at the Costco gas station or in an area that is not in the vicinity of the subject Yeti cooler would have no information on the subject incident. *However, Plaintiff has no way of verifying who was or was not in the vicinity during the events described in the Complaint. Only the Defendants have access to this information.* The Defendants' burden of producing this information is minimal, and Plaintiff must insist that the Defendants respond to Interrogatory #8 as propounded") (emphasis added).  Accordingly, Defendants' objections are <u>overruled</u>.

Defendants shall provide a full response to the above interrogatory.

Third, Plaintiff takes issue with Defendants' response to Interrogatory No. 23. This interrogatory asks for the "current location of the [cooler] forming the basis of this action." (Dkt. No. 29-1 at 16). Defendants objected to the request "on the grounds that the total number of interrogatories . . . exceeds 50 without consent or court order" but nevertheless responded that Defendants had "been unable to determine the disposition of the subject cooler." (*Id.* at 17). Plaintiff asserts that it has not exceed the maximum number of interrogatories permitted and requests "an order compelling the disclosure of the present location of the Subject Product, the contact information for the person in possession of the Subject Product, the chain of custody for the Subject Product, or whether the Subject Product has been lost or destroyed." (Dkt. No. 29 at 7). In its opposition, Defendants assert they have no further information regarding the subject cooler and that Defendants have already indicated to Plaintiff that "[i]f any additional information becomes available during the course of discovery, the Defendants will supplement this response as required by the Rule." (Dkt. No. 33 at 15-16) (arguing that because Defendants have fully responded to this request Plaintiff's motion as to this issue is moot); *see* (Dkt. No. 33-4 at 3).

The Court <u>denies</u> Plaintiff's motion on this point. While Plaintiff has not exceeded its permitted interrogatories pursuant to Fed. R. Civ. P. 33(a)(1), *see Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 572–73 (D. Md. 2010) ("[A]n interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question," but "an interrogatory with subparts inquiring into discrete areas is more likely to be counted as more than one for purposes of limitation.") (citing 8A Charles A. Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Fed. Prac. & Proc. § 2168.1 at 261 (2d ed.1994)), Defendants have

indeed responded to Interrogatory No. 23.  Accordingly, Plaintiff's motion is denied as moot to this point.

Fourth, Plaintiff objects to Defendants' "boilerplate objections." (Dkt. No. 29 at 7) (noting that "[v]irtually all of the Defendants' discovery responses utilized the same or substantially similar boilerplate objections, bare assertions, including but not limited to overbreadth, burden, scope, and proportionality").  Plaintiff asks that these objections be deemed waived or meritless.  Plaintiff's motion, however, does not direct the Court's attention to specific instances where Defendants employ such "boilerplate" language nor whether Plaintiff believes Defendant is withholding any information based on such objections.

The Court denies Plaintiff's motion on this point.  While Defendants do employ such language in various responses, Defendants sometimes provide a reason for the objection. *See* (Dkt. No. 33 at 15).  Further, Plaintiff does not specifically direct the Court to responses it believes are problematic or for which Plaintiff believes Defendant is withholding relevant discovery.  Accordingly, Plaintiff's motion is denied on this point.

Last, Plaintiff asks for an award of attorney's fees. Fed. R. Civ. P. 37.  Rule 37 provides that, "[i]f the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  The Court may not, however, order payment if the movant filed the motion before attempting in good faith to obtain the disclosure without court action, the opposing party's nondisclosure was substantially justified, or other circumstances make an award of expenses unjust. Fed R. Civ. P. 37(a)(5)(A)(i)-(iii). "If the

motion [to compel] is granted in part and denied in part, the court may ... after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C); *see also Stephenson v. Pfizer Inc.*, 2014 WL 3385213, at *2 (M.D.N.C. July 9, 2014) ("Rule 37(a)(5)(C) effectively incorporates the substantive standards of Rule 37(a)(5)(A), in that expenses of a discovery motion may be imposed upon a party ordered to produce discovery where that party's conduct necessitated the motion unless the nondisclosure or objection was substantially justified or other circumstances make an award of expenses unjust." (internal citation and quotation marks omitted)).

      The Court <u>denies</u> Plaintiff's request for attorney's fees. The Court finds that an award of attorney's fees would be unjust under the circumstances. While Plaintiff's discovery requests were generally relevant, the Court finds that legitimate disputes existed as to an appropriate timeframe for certain of these requests.  Further, as a general matter, Defendants have responded to the bulk of Plaintiff's discovery requests. *See Waters at Magnolia Bay, LP v. Vaughn & Melton Consulting Engineers, Inc.*, No. 2:20-CV-2546-RMG, 2021 WL 1573642, at *3 (D.S.C. Apr. 21, 2021) (granting in part Defendant's motion to compel but declining to award attorney's fees where the "motion d[id] not concern a wholesale failure on Plaintiff's part to produce responsive documents" but concerned a "mistake . . . which h[ad] . . . been—albeit belatedly—corrected").  Accordingly, the request for attorney's fees is denied.

**Conclusion**

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to compel (Dkt. No. 29). Plaintiff's motion is **GRANTED** as to Interrogatories Nos. 8, 17, 19, and 22 and Request for Production No. 24. As detailed herein, Defendants shall supplement said discovery responses by **June 8, 2021**. The motion is otherwise **DENIED**.

**AND IT IS SO ORDERED.**

<u>s/ Richard Mark Gergel</u>
United States District Judge

May 26, 2021
Charleston, South Carolina